IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| AMY WELLS, Individually and on Behalf of all Others Similarly Situated, | |
| Plaintiff, | CASE NO.: 7:14-cv-45 |
| v. | |
| ADMIN RECOVERY LLC, | |
| Defendant. | |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff Amy Wells ("Plaintiff"), by and through her undersigned counsel, brings this class action lawsuit against Defendant Admin Recovery LLC ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. sec. 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District.

4. Plaintiff is a natural person, who at all relevant times resided in the State of Texas, County of Midland.

5. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

6. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

7. Defendant is a New York limited liability company with its principal place of business located at 45 Earhart Dr., Suite 102, Williamsville, NY 14221.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. In the year prior to the filing of this Complaint, Defendant sent, or caused to be sent, a letter to Plaintiff (Attached hereto as Exhibit A), in an effort to collect from Plaintiff an alleged obligation asserted to be owed or due a creditor other than Defendant, which stated, "The account identified above was sold by Ace Cash**,** all of your rights and obligations regarding this contract have been assigned to this office."

10. Although Ace Cash may have assigned Plaintiff's obligations under the account, it is legally impossible for Ace Cash to assign Plaintiff's rights under the contract in question.

11. Thus, the language used by Defendant was misleading in that none of Plaintiff's rights on the referenced account were assigned to Defendant when the account was sold by Ace Cash.

12. Defendant, as a matter of pattern and practice, has sent and continues to send letters to consumers in this state using language substantially similar or materially identical to the

language used in the letter referenced in paragraph 10 above and attached hereto as Exhibit A.

13. Additionally, in a call with plaintiff on or about April 17, 2014, plaintiff received a call from Defendant in which it did not inform Plaintiff that the call was from a debt collector.

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. 1692e(11)

14. Plaintiff repeats and re-alleges each and every allegation contained in every paragraph prior to this paragraph.

15. 15 U.S.C. 1692e(11) provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    * * *

    (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

16. In the phone call described in paragraph 13 above, Defendant failed to notify Plaintiff that the call was from a debt collector.

17. As such, Defendant violated 15 U.S.C. 1692e(11) by failing to disclose during one or more communications with Plaintiff that the communication was from a debt collector.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all consumers located in the State of Texas who, within one year before the date of the filing of this Complaint, received a letter from Defendant in connection with an attempt to collect from such consumers any purported debt that was incurred primarily for personal, family or household purposes, where the letter contained language that falsely informed the consumers from which Defendant was attempting to collect that all of the consumers' rights under the contract that created the consumers' obligations to the consumers' original creditors had been assigned or transferred away from the consumers.

19. Excluded from the Class are Defendant, the owners, officers, members, managers and/or directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20. The proposed Class is so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Defendant.

21. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct,

practices and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Class.

22. Plaintiff has retained counsel experienced and competent in class action litigation.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

24. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:
    a. Defendant's violations of the FDCPA as alleged herein;
    b. The existence of Defendant's identical conduct particular to the matters at issue;
    c. The availability of statutory penalties; and
    d. The availability of attorneys' fees and costs.

## COUNT II

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

25. Plaintiff repeats and re-alleges each and every allegation contained in every paragraph prior to this paragraph.

26. 15 U.S.C § 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. By falsely communicating to Plaintiff that all of her rights under the contract with Ace Cash were transferred to Defendant, Defendant violated 15 U.S.C § 1692e.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C § 1692e and 15 U.S.C. § 1692e(11).

(c) Awarding Plaintiff and members of the Class One statutory damages pursuant to 15 U.S.C. 1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of the Class their reasonable costs and attorney's fees incurred in this action, including expert fees, pursuant to 15 U.S.C. 1692k;

(e) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

28. Plaintiff hereby demands a trial by jury.

                    Respectfully submitted,

                    /s/ Jeffrey D. Wood
                    Jeffrey D. Wood, Esq.
                    ArkBN: 2006164
                    The Wood Firm, PLLC
                    103 N. Goliad, Suite 204
                    Rockwall, TX  75087
                    TEL:  682-651-7599
                    FAX:  888-598-9022
                    EMAIL:  jeff@mmlaw.pro
                    *Attorney for Plaintiff*